UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA GUEVARA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security[1]<br><br>　　　　　　Defendant. | Case No. 1:22-cv-0490 JLT CDB<br><br>ORDER DECLINING THE FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING THE MATTER PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT<br><br>(Docs. 18, 20, & 23) |

　　　　Virginia Guevara seeks judicial review of the administrative decision to deny her application for supplemental security income under Title XVI of the Social Security Act. (Docs. 1, 23.) Plaintiff contends the administrative law judge committed harmful error at step two of the sequential evaluation in finding her mental impairments were not severe, and substantial evidence does not support the residual functional capacity because the ALJ had a duty to develop the record. (*See* Doc. 18 at 7, 20-36.) Plaintiff requests the Court remand the matter for further proceedings. (*Id.* at 37.) The Commissioner asserts the Court should affirm the administrative decision. (Doc. 24.)

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Frank Bisignano as the defendant in this suit.

The magistrate judge found that "[s]ubstantial evidence supports the ALJ's determination that Plaintiff's mental impairments were not severe." (Doc. 23 at 9; *see also id.* at 7-10.) The magistrate judge observed that "[t]he ALJ considered Plaintiff's medical records, including multiple reports of 'no aberrant behavior noted,' good insight and judgment with normal mood, and denials of depression." (*Id.* at 9, quoting AR 16 [Doc. 13-1 at 21].) The magistrate judge found the medical records cited by the ALJ support the conclusion that "Plaintiff had no more than a mild limitation in any of the functional areas" under Paragraph B. (*Id.* at 9-10.) The magistrate judge also reviewed the records identified by Plaintiff and found she did not present "any evidence from medical sources that [her] impairments impacted her basic work abilities as required to establish they were severe." (*Id.*) The magistrate judge determined that "even if the ALJ erred in finding Plaintiff's mental impairments were non-severe, any error was harmless because the ALJ proceeded through the sequential analysis and considered all of Plaintiff's impairments in formulating the RFC." (*Id.* at 11.) Moreover, the magistrate judge observed: "Plaintiff fails to point to any alleged limitations caused by her mental impairments that the ALJ failed to consider or include in the RFC." (*Id.*)

The magistrate judge rejected Plaintiff's assertion that "the ALJ had a duty to further develop the record because she underwent two surgeries after the state agency consultants' review of the record." (Doc. 23 at 10; *see also id.* at 11-13.) The magistrate judge found there was "nothing in the ALJ's decision indicating that she interpreted raw medical data or relied on her own medical judgment in constructing the RFC." (*Id.* at 12.) In addition, the magistrate judge determined, there was nothing "suggesting to the Court that the record was ambiguous or inadequate as would be necessary to trigger the ALJ's duty to further develop the record." (*Id.* at 13.) The magistrate judge stated: "[T]he ALJ relied on the state agency medical opinions, acknowledged Plaintiff had undergone surgeries since the experts reviewed the record and reported post-surgical leg and tailbone pain, and imposed limitations *greater* than those opined by the experts based on Plaintiff's complaints." (*Id.*, emphasis in original.) The magistrate judge concluded that because the limitations identified by the ALJ "resulted in a narrower RFC than that considered by the expert, any alleged error… was harmless." (*Id.*)

2

1    Finally, the magistrate judge found the ALJ properly evaluated Plaintiff's subjective
2    complaints "concerning her ability to sit, stand, and walk." (Doc. 23 at 13-16.) The magistrate
3    judge observed that "the ALJ credited Plaintiff's testimony and included [a] sit/stand limitation."
4    (*Id.* at 16.) The magistrate judge determined the ALJ "provided specific, clear, and convincing
5    reasons for rejecting Plaintiff's testimony that she was more limited in her ability to sit and
6    stand," including inconsistencies with Plaintiff's own statements regarding improvement after
7    surgery and "the lack of objective medical evidence to support Plaintiff's complaints." (*Id.*; *see*
8    *also id.* at 13-15.)

9    The magistrate judge recommended the Court deny Plaintiff's motion for summary
10   judgment, affirm the ALJ's decision, and enter judgment in favor of the Commissioner. (Doc. 23
11   at 17.) Plaintiff filed timely objections, arguing the Court should decline the Findings and
12   Recommendations. (Doc. 25.) The Commissioner filed a response, asserting the magistrate
13   judge properly addressed the issues raised and maintaining the Court should affirm the
14   administrative decision. (Doc. 26.)

15   According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of this case.
16   Having carefully reviewed the entire matter—including Plaintiff's objections and the
17   Commissioner's response—the Court concludes the findings related to the ALJ's step two
18   findings and Plaintiff's subjective complaints are supported by the record and proper analysis.
19   However, the Court finds substantial evidence does not support the physical RFC determination
20   and the ALJ had a duty to develop the record.

21   After Plaintiff filed her application for SSI benefits, two agency physicians reviewed
22   available medical records and found Plaintiff was limited to performing light work with
23   additional postural limitations. (Doc. 13-1 at 26; *see also id.* at 74-76, 92-93.) The ALJ found
24   the opinions were "unpersuasive," explaining:

> These opinions are supported by rationale based on a review of the evidence available at the time of determination but are not entirely consistent with the evidence showing the claimant had to have additional limitations that are not work-preclusive given reports and numbness and weakness prior to lumbar surgery and post-surgical leg and tailbone pain supportive of reduced stand/ walk and a sit-stand option, but generally normal strength and gait throughout the record

3

|   |   |
|---|---|
| 1 | despite pre-surgical positive straight leg raise testing and reduced cervical, shoulder, and lumbar range of motions." |
| 2 | |

(*Id.*, citations omitted.)  Importantly, the medical opinions of the agency physicians were the *only* medical opinions in the record.  Because the ALJ found both were "unpersuasive," the magistrate judge erred in finding the ALJ "relied on" the opinions.

As the ALJ acknowledged, after the agency physicians reviewed the available medical records, Plaintiff had two surgical procedures involving the placement of screws and plates in her spine.  (*See* Doc. 13-3 at 5.)  The "multilevel spinal surgery" included "fusion at L5-SQ and decompressive laminectomy and fusion at L3-4 and L4-5."  (Doc. 13-1 at 24, citations omitted.)  It is undisputed that no physician reviewed Plaintiff's medical records following the procedures and offered a medical opinion regarding Plaintiff's physical limitations and abilities.

The Court is unable to find the substantial evidence supports the ALJ's decision regarding Plaintiff's physical RFC given the lack of medical opinions following Plaintiff's surgical procedures.  Rather, the ALJ's duty to further develop the record was triggered given the absence of such an opinion. *See, e.g., Patricia C. v. Saul*, 2020 WL 4596757, at *22 (S.D. Cal. Aug. 10, 2020) (finding substantial evidence did not support the RFC and the ALJ had a duty to develop the record where "there [was] no opinion evidence from any treating or examining physician regarding Plaintiff's post-surgery functional limitations"), *adopted by* 2020 WL 5423887 (S.D. Cal. Sept. 10, 2010); *Sepulveda v. Astrue*, 2010 WL 2990111, at *1 (C.D. Cal. July 28, 2010) (finding the duty to develop the record was triggered and "the ALJ erred by not ordering [the] plaintiff to undergo a consultative examination, when the … medical records did not include an assessment of plaintiff's post-surgery functional limitations"); *see also Mendenhall v. Astrue*, 2012 WL 896251, at *12 (D. Az. Mar. 16, 2012) ("[T]he record is devoid of any assessment from a medical source of Plaintiff's physical residual functional capacity post-surgery.  The instant record does not contain adequate medical information from which the ALJ could possibly assess Plaintiff's post-surgical physical residual functional capacity.").

Remand for further administrative proceedings is appropriate for the ALJ to develop the record and make new findings related to Plaintiff's physical RFC. *See Kail v. Heckler*, 722 F.2d

4

1496, 1497 (9th Cir. 1984); *see also Patricia C.*, 2020 WL 4596757, at *23 (remanding for further proceedings where the record was not "fully developed with respect to Plaintiff's physical functional limitations after her… surgery"). Accordingly, the Court **ORDERS**:

1. The Court declines to adopt the Findings and Recommendations (Doc. 23).
2. Plaintiff's motion for summary judgment (Docs. 18) is **GRANTED**.
3. The Commissioner's request to affirm (Doc. 20) is **DENIED**.
4. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.
5. The Clerk of Court is directed to terminate pending motions; enter judgment in favor of Plaintiff Virginia Guevara and against Defendant Frank Bisignano, Commissioner of Social Security; and to close this case.

IT IS SO ORDERED.

Dated:   **September 29, 2025**

UNITED STATES DISTRICT JUDGE

5