**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRGINIA GUEVARA,<br><br>        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>        Defendant. | Case No. 1:22-cv-00490 JLT CDB<br><br>ORDER DENYING MOTION FOR<br>ATTORNEYS' FEES<br><br>(Docs. 29, 30) |

Virginia Guevara moves for an award of attorneys' fees under the Equal Access to Justice Act following this court's order remanding her case for further proceedings under 42 U.S.C. § 405(g). (Docs. 19, 30, 34.) The Commissioner of Social Security opposes the motion. (Doc. 33.)

By statute, a court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner argues the position of the United States was substantially justified. (Doc. 33 at 2–7.)

"Substantial justification means 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir.

1

2013) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Id.* (quoting *Pierce*, 487 U.S. at 565). That includes "both the government's litigating position and the underlying agency action giving rise to the civil action." *Id.*

An administrative law judge found in the underlying agency procedure that Guevara was not disabled. (*See* Doc. 13-1 at 23–26.) As the ALJ summarized, Guevara underwent spinal surgeries in 2020. (*Id.* at 24.) Her medical records included the opinions of two state agency consulting doctors who had evaluated her condition before her surgery, but no medical opinions from after her surgery. (*See id.* at 26.) The ALJ found the two doctors' opinions "unpersuasive" because they were "not entirely consistent with the evidence." (*Id.*) The medical records and Guevara's testimony showed that she had "additional limitations," i.e., greater restrictions on her ability to work that the two doctors did not take into consideration. (*See id.*) The ALJ was nevertheless satisfied after reviewing Guevara's clinical records that her condition had improved since her surgeries. (*See id.*) The ALJ then made findings about Guevara's "residual functional capacity" to perform work on a sustained basis. (*See id.* at 27.) Based on these limitations, the ALJ decided that Guevara was not disabled because she could work as a receptionist or in other similar office jobs. (*See id.* at 27–28.)

The magistrate judge recommended affirming the ALJ's decision. (Doc. 23.) Among other arguments, the magistrate judge considered but rejected Guevara's contention that the ALJ "had a duty to further develop the record because she underwent two surgeries after the state agency consultants' review of the record." (*Id.* at 11.) The magistrate judge did not find any "ambiguous evidence" that might have necessitated a further investigation. (*Id.*) The magistrate judge also found nothing in the ALJ's decision to suggest that she had wrongly "interpreted raw medical data or relied on her own medical judgment." (*Id.*) Instead, it appeared to the magistrate judge that the ALJ had simply taken note of Guevara's description of improvements in her condition. (*See id.*; *see also* Doc. 13-1 at 24.)

This Court disagreed and decided that the ALJ should have developed the record further, at minimum by obtaining an expert's assessment of Guevara's condition post-surgery. (Doc. 27

at 4.) No physician had reviewed Guevara's medical records after her surgical procedures, nor offered a medical opinion about her current limitations and abilities, which meant that the record contained no persuasive opinions by any medical experts at all. (*Id.*)

Although the ALJ's decision therefore lacked support in "substantial evidence" under the applicable standard of review, it was substantially justified. As the magistrate judge explained (Doc. 23 at 11–12), an ALJ's duty is at the same time both to make decisions based on the available evidence, including clinical records, and also to recognize ambiguities and gaps that might call for further inquiry. *Compare, e.g.*, *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct [description of the claimant's residual functional capacity].") *with, e.g.*, *Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014) ("The ALJ always has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." (citation omitted)). This can be a difficult task, one that can sometimes lead to disagreements among reasonable people, including judges. *See, e.g.*, *Garcia*, 768 F.3d at 935–37 (O'Scannlain, J., dissenting). This is a case in point. A post-surgical medical opinion was necessary and missing, but the ALJ had a reasonable basis to conclude from Guevara's statements in her post-surgical clinical reports that her condition was not declining after her surgeries, but rather improving, and thus that a further investigation was unnecessary. That is true even though the ALJ had rejected the opinions of the two consulting doctors as unpersuasive; in the ALJ's view, those doctors had taken too rosy a view of Guevara's capacity to work. The ALJ gave Guevara the benefit of the doubt, more or less. The government acted reasonably in defending this reasoning.

The parties disagree about the role and importance of the magistrate judge's findings and recommendations. The Commissioner argues that the magistrate judge's recommendation to affirm the ALJ shows that reasonable people can reach different conclusions about the government's position in this case, and thus that its position is substantially justified. (Doc. 33 at 4.) Guevara argues that the findings and recommendations are not decisive on the question of "substantial justification." (Doc. 34 at 1–3.) Both are correct. "[T]he fact that one other court

3

agreed or disagreed with the Government does not establish whether its position was substantially justified." *Lewis v. Barnhart*, 281 F.3d 1081, 1084 (9th Cir. 2002) (quoting *Pierce v. Underwood*, 487 U.S. 552, 569 (1988)). "[C]ourts are not bound to deny attorneys' fees under the EAJA whenever a magistrate judge has recommended approving the government's position." *Ortiz v. Comm'r of Soc. Sec.*, No. 21-01563, 2025 WL 2410962, at *3 (E.D. Cal. Aug. 20, 2025). But thorough and reasoned findings and recommendations "can be indicative" of whether an unsuccessful position was a reasonable one. *Lewis*, 281 F.3d at 1084 (quoting *Pierce*, 487 U.S. at 569). The magistrate judge's findings and recommendations help to show why the ALJ's decision was substantially justified and why the government was substantially justified in defending the ALJ's decision in this court and in this case.

The motion for attorneys' fees (Docs. 29–30) is **DENIED**.

IT IS SO ORDERED.

Dated:    July 7, 2026

UNITED STATES DISTRICT JUDGE

4